UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAN KONOPCA,

    Plaintiff,

v.

MRS BPO, L.L.C. a/k/a MRS ASSOCIATES,

    Defendant.

Civil Action No.: 3:15-cv-00773-PGS-TJB

## DEFENDANT MRS BPO, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT

NOW COMES Defendant MRS BPO, LLC, d/b/a MRS Associates, Inc. ("MRS"), hereinafter referred to as ("MRS"), by and through undersigned counsel, and for its Answer to Plaintiff's Complaint, states as follows:

### INTRODUCTION/PRELIMINARY STATEMENT

1. MRS admits that plaintiff purports to bring an action for damages under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), but denies any and all damages, liability, and/or violations, to the extent alleged in ¶ 1.

### PARTIES

2. MRS denies the allegations in ¶ 2 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

3. MRS admits the allegations in ¶ 3.

## JURISDICTION AND VENUE

4. MRS admits the allegations in ¶ 4 for jurisdiction purposes only.

5. MRS admits the allegations in ¶ 5 for venue purposes only.

## FACTUAL ALLEGATIONS

6. MRS repeats and reiterates its answer to the allegations in ¶¶ 1 through 5 as if same were set forth herein at length.

7. MRS admits only that its records reflect that it called the telephone number referenced by plaintiff. Except as specifically admitted, the allegations in ¶ 7 are denied.

8. MRS admits only that it called the telephone number referenced by plaintiff.

9. MRS denies the allegations in ¶ 9 for lack of knowledge or information sufficient to form a belief therein, and leaves plaintiff to his proofs with respect to the allegation.

10. MRS denies the allegations in ¶ 10.

11. MRS denies the allegations in ¶ 11 as calling for a legal conclusion.

11. MRS denies the allegations in ¶ 11.

## FIRST CAUSE OF ACTION

12. MRS repeats and reiterates its answer to the allegations in ¶¶ 1 through 11 as if same were set forth herein at length.

13. MRS denies the allegations in ¶ 13.

14. MRS denies the allegations in ¶ 14.

## DEMAND FOR TRIAL BY JURY

15. The allegations in ¶ 15 do not set forth an averment to which a response is required.

16. MRS denies that plaintiff is entitled to the relief requested in the final paragraph of his complaint, which begins "PRAYER FOR RELIEF."

## AFFIRMATIVE DEFENSES

AND NOW, in further Answer to the Consolidated Class Action Complaint, MRS avers as follows:

### FIRST AFFIRMATIVE DEFENSE

One or more of the counts contained in the complaint fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

MRS denies that plaintiff has been damaged in any manner whatsoever. To the extent damages are established, however, plaintiff has failed to mitigate his damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

The equipment used by MRS is not covered by or subject to the TCPA.

### FIFTH AFFIRMATIVE DEFENSE

The phone calls referenced by plaintiff are exempt from TCPA liability under 47 U.S.C. § 227(b)(1)(B), 47 U.S.C.§ 227(b)(2)(b) and 47 C.F.R. § 64.1200(a).

**SIXTH AFFIRMATIVE DEFENSE**

Upon information and belief, the account involved in this matter may be subject to an arbitration clause and or a class action waiver.

**SEVENTH AFFIRMATIVE DEFENSE**

Calling cellular numbers manually, without the aid or use of an automatic telephone dialing system, and without an artificial or prerecorded voice, is not prohibited by the TCPA.

**EIGHTH AFFIRMATIVE DEFENSE**

Upon information and belief, MRS had the prior express consent of the called party or parties, such number(s) was provided during the transaction that resulted in the debt owed, the number was provided by the called party to a creditor in connection with services rendered by such creditor, as part of the application for such services or subsequent thereto.

**NINTH AFFIRMATIVE DEFENSE**

One or more of the calls was made by equipment that did not have the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers; one or more of the calls was made without using an artificial or prerecorded voice.

**TENTH AFFIRMATIVE DEFENSE**

One or more of the calls to cellular telephone numbers made was, by rule or order, exempted from the requirements of §227(1)(A)(iii), as provided in § 227(b)(2)(C), because such calls do not contain telemarketing messages, and/or such call was placed to

a wireless number that has been ported from wireline service and such call is a voice call; not knowingly made to a wireless number; and made within 15 days of the porting of the number from wireline to wireless service, and such number is not already on the national do-not-call registry or caller's company-specific do-not-call list.

### ELEVENTH AFFIRMATIVE DEFENSE

MRS alleges the called number of plaintiff was previously assigned to a party, user or subscriber who consented to be called, MRS was without notice or knowledge that plaintiff objected to such calls, and by virtue thereof, MRS possessed a secondary privilege that arose which permitted MRS to continue to act in accordance with the prior consent for a reasonable time and in a reasonable manner, and as such, any violation was neither negligent, knowing or willful. Restatement (Second) of Torts § 892A, cmt. i (1979).

### TWELFTH AFFIRMATIVE DEFENSE

MRS alleges that any harm suffered by plaintiff was legally and proximately caused by persons or entities other than MRS and was beyond the control or supervision of MRS or for whom MRS was and is not responsible or liable.

### THIRTEENTH AFFIRMATIVE DEFENSE

MRS alleges that because a party gave prior express consent, and said party is estopped from denying consent was given, the situation arising here is otherwise so unfair and inequitable to MRS that the party who gave consent should not be permitted to terminate his or her consent without adequate notice and an opportunity afforded to MRS to protect its interests.

## FOURTEENTH AFFIRMATIVE DEFENSE

MRS alleges that plaintiff, having given the use of said cellular phone to another, and said other having expressly consented to be called by MRS, amounts to consent in fact, apparent consent, and conduct that would be understood by a reasonable person as indicating consent to MRS's conduct.

## FIFTEENTH AFFIRMATIVE DEFENSE

MRS alleges that plaintiff or plaintiff's agent, having given the use of said cellular phone number to another who gave prior express consent, or plaintiff's predecessor in interest having given prior express consent, amounts to waiver and/or estoppel.

## SIXTEENTH AFFIRMATIVE DEFENSE

MRS alleges that plaintiff was not the called party, intended recipient, the regular user or the subscriber of the called number.

WHEREFORE, Defendant MRS BPO, LLC, respectfully requests this Answer be deemed good and sufficient, Plaintiff's lawsuit be dismissed with prejudice at Plaintiff's costs pursuant to Federal and State law, Plaintiff be ordered to pay reasonable attorney's fees and costs for MRS, and for all other general and equitable relief.

Dated: March 11, 2015

>Respectfully submitted,
>
>/s/ *Aaron R. Easley*
>Aaron R. Easley, Esq.
>SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
>3 Cross Creek Drive
>Flemington, New Jersey 08822-4938
>Telephone: (908) 237-1660
>Fax: (908) 237-1663

Email: aeasley@sessions-law.biz
*Attorneys for Defendant,*
*MRS BPO, LLC*

## CERTIFICATE OF SERVICE

I certify that on this 11th day of March, 2015, a copy of **MRS BPO, LLC, d/b/a MRS Associates, Inc.'s Answer to Complaint in Civil Action** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below. Parties may access this filing through the Court's system.

Yitzchak Zelman, Esq.
LAW OFFICE OF ALAN J. SASSON, P.C.
1669 East 12th Street
Brooklyn, New York 11229
Email: yzelman@Sassonlaw.com
*Attorney for Plaintiff*

By: /s/ *Aaron R. Easley*
Aaron R. Easley, Esq.
*Attorney for Defendant,*
*MRS BPO, LLC*